Civil Action No.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| **DIANA CARDENAS**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> -against- <br><br> **SALSA CON FUEGO MANAGEMENT LLC**, and **SALSA CON FUEGO, Inc.**, and **JOHN DOE/s** as Marketing Representative of SALSA CON FUEGO Management LLC and/or SALSA CON FUEGO, Inc., <br><br> *Defendants* | **VERIFIED COMPLAINT** <br><br> **22-CV-1160** <br> **Class Action** <br> **Jury Demanded** |

_____

## CLASS ACTION COMPLAINT

Comes now Plaintiff **DIANA CARDENAS**, individually and on behalf of all others similarly situated, complaining of unsolicited commercial communications, hereby alleges as follows:

### INTRODUCTION

1. Plaintiff DIANA CARDENAS (hereinafter "Plaintiff" or "Called party") is bringing this action against SALSA CON FUEGO MANAGEMENT LLC and JOHN DOE (hereinafter "Defendants" or "Calling parties") for violating the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, the regulations promulgated thereunder and N.Y. General Business Law ("GBL") § 396-AA*2. Congress enacted the TCPA in 1991 to prevent the unsolicited calling to persons who had not provided express invitation or permission to receive such calls. Congress believed that unsolicited calls improperly invaded into the private life of called parties and provided for remedies in the form of money damages and injunctions.

2. Defendants have recently caused thousands of calls to be made against thousands of individuals. Defendants are therefore liable to Plaintiff and the proposed Classes of similarly situated persons under the TCPA and GBL § 396-AA*2.

Civil Action No.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's and the Classes A and B 's TCPA claims under 28 U.S.C. § 1331 and 47 U.S.C § 227.

4. This Court also has supplemental jurisdiction over Plaintiff's and Class B's GBL § 396-AA*2 claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of New York within the meaning of 28 U.S.C. § 1391(c).

6. Venue in this judicial district is also proper under 28 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

7. At all relevant times Plaintiff Diana Cardenas was and is a resident of the County of Queens, City of Elmhurst, in the State of New York.

8. Defendant SALSA CON FUEGO Management LLC, is a corporation with its principal place of business located at 2297 Cedar Ave., Bronx, NY 10468, and is a restaurant/bar. Similarly, John Doe is the marketing representative or agent that handles the same for SALSA CON FUEGO Management LLC.

9. Defendant SALSA CON FUEGO Inc., is a corporation with its principal place of business located at 2297 Cedar Ave., Bronx, NY 10468, and is a restaurant/bar. Similarly, John Doe is the marketing representative or agent that handles the same for SALSA CON FUEGO Inc.

10. SALSA CON FUEGO Inc has a New York business entity DOS ID of 4330821.

11. SALSA CON FUEGO Management LLC has a New York business entity DOS ID of 4475130.

Civil Action No.

12. SALSA CON FUEGO Management LLC and John Doe will be referred hereinafter as the "calling party."

## FACTS

13. Called party has been a paying subscriber with her telephone service provider for over thirteen (13) years with telephone service at 917-334-0879.

14. On the following instances, calling party communicated with called party using an Automatic Telephone Dialing System (ATDS)[1] text messages:

   i. On November 23, 2018, at 7:10 p.m., from (347) 324 – 6915 phone number;

   ii. On November 26, 2018, at 11:08 p.m., from (347) 324 – 6915 phone number;

   iii. On December 11, 2018, at 7:07 p.m., from (718) 561 – 6161 phone number;

   iv. On December 17, 2018, at 9:02 p.m., from (917) 754 – 5669 phone number.

15. Called party read the text messages.[2]

   i. Underlying communications were telemarketing and/or informational..

16. Called party concluded that the communication originated from a machine, computer, automatic, prerecorded, artificial, etc. system.

17. On or about December 31, 2018, plaintiff notified defendants that these four (4) messages were TCPA violations by sending defendants a Notice to Sue. Plaintiff attempted to resolve the claims, and defendants retained an attorney, Linda H. Joseph of Schroder, Joseph & Associates LLP.

---

[1] Automatic telephone dialing system (ATDS) is a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator. Pub. L. No. 102-243, § 227, 105 Stat. 2394, 2395.

[2] Texts are a form of calls. *See*, FCC 15-72 ¶ 107. *See also*, 2003 TCPA Order, 18 FCC Rcd at 14115, ¶ 165; 47 U.S.C § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

Civil Action No.

18. Instead of stopping the violations, after learning about them, defendants continued to send unsolicited messages:

 i. On October 1, 2021, at 12:20 p.m. from (551) 465-9235 phone number;

 ii. On October 5, 2021, at 1:02 p.m., from (551) 465-9235 phone number;

 iii. On October 13, 2021, at 5:07 p.m., from (551) 465-9235 phone number;

 iv. On October 18, 2021, at 1:33 p.m., from (551) 465-9235 phone number;

 v. On October 22, 2021, at 12:41 p.m., from (551) 465-9235 phone number;

 vi. On October 27, 2021, at 4:51 p.m., from (551) 465-9235 phone number;

 vii. On November 9, 2021, at 1:12 p.m., from (551) 465-9235 phone number;

 viii. On November 17, 2021, at 4:07 a.m., from (551) 465-9235 phone number;

 ix. On November 24, 2021, at 2:39 p.m., from (551) 465-9235 phone number;

 x. On December 1, 2021, at 7:06 p.m., from (551) 465-9235 phone number;

 xi. On December 3, 2021, at 1:05 p.m., from (551) 465-9235 phone number;

 xii. On December 8, 2021, at 1:24 p.m., from (551) 465-9235 phone number;

 xiii. On December 14, 2021, at 12:20 p.m., from (551) 465-9235 phone number;

 xiv. On December 24, 2021, at 8:28 a.m., from (551) 465-9235 phone number;

19. The texts were a violation of the Telephone Consumer Protection Act (TCPA). *See generally*, 47 U.S.C. § 227 (b), et. al.[3]

20. In total, calling party made **EIGHTEEN (18)** unsolicited communications to called party. *See*, available upon request.

---

[3] The TCPA makes it unlawful for a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227 (b)(1)(A)(iii).

Civil Action No.

21. Upon information and belief, Defendants either negligently or, more probably, willfully[4] and knowingly arranged for the messages to be sent to Plaintiff, regardless of consent.

22. Upon information and belief, Defendants had, from four (4) years prior to the date of the filing of the instant Complaint through the present, either negligently or willfully and knowingly arranged for thousands of unsolicited messages for telemarketing and informational purposes to persons all over the United States.

23. Calling party made the communication directly to called party.

    i. That communication was made for marketing and/or informational and/or other purposes in order to communicate to called party.

24. If calling party did not communicate directly with called party, calling party caused that communication to occur through an agency relationship with a third-party, John Doe.

    i. That communication was made for marketing and informational or other purposes in order to communicate to called party.

25. In sum and substance, the content of the communication involved Black Friday Dinner specials and DJs at the restaurant and a free Saturday night with DJs, for instance. They were all promoting the services of the defendants, such as reserving a table or bottle service.

26. Texts were not made for an emergency purpose.

27. Upon information and belief, defendants did not establish, implement, or mention written procedures, did not train personnel, or segregate "Do Not Call" numbers to avoid violations.

28. Texts were not made with called party's prior express consent, neither orally nor written.

---

[4] 47 U.S.C. § 312(f)(1) provides that "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C. § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C. § 227 falls] or by a treaty ratified by the United States."

Civil Action No.

      i.   If called party gave consent, it was inadvertently because calling party did not supply that information in a *clear and conspicuous* manner; and/or

      ii.  If called party gave consent, that consent was for a limited purpose and calling party exceeded the scope of that consent.

29.    Texts were made to called party's own personal phone number.

30.    Previous to the underlying violations, called party registered with the FCC's residential subscribers "Do Not Call" List (Plaintiff on National Do Not Call Registry since May 3, 2009).

    a.   That was a separate and distinct violation of 47 U.S.C. § 227 (c), et. al.[5]

31.    One of the initial calls being made after 9:00 p.m. was a separate and distinct violation of 47 C.F.R. § 64.1200(c).

32.    One of the calls made before 8:00 a.m. was a separate and distinct violation of 47 C.F.R. § 64.1200(c).

33.    As a direct and proximate result of defendants' actions, called party felt a great invasion of her privacy and was forced to become distracted from her business and/or pleasure endeavor to answer the calling party's communication.

## CLASS ALLEGATIONS

34.    Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

35.    Plaintiff seeks to represent two classes of individuals defined as follows:

      i.   Class A: All persons in the United States from the four years prior to the date of filing of the instate Complaint through the date of the filing of the instant Complaint to whom Defendants sent or caused to be called an unsolicited call without prior express consent;

---

[5] *See also*, 47 C.F.R § 64.1200(c)(2).

Civil Action No.

    ii. Class B: All persons in the United States from the four years prior to the date of filing of the instate Complaint through the date of the filing of the instant Complaint to whom Defendants sent or caused to be called an unsolicited call without prior express consent and persons who registered with the "Do Not Call" list;

  36. Classes A and B are hereinafter referred to collectively as the Classes.

  37. <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties of this Court.

  38. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' messaging and marketing records.

  39. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

  40. <u>Typicality</u>: the plaintiff's claims are typical of the claims of the members of Classes. The claims of the plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

  41. Plaintiff and members of the Classes each received at least one call with similar or same content as described above.

  42. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the plaintiff and members of the Classes.

Civil Action No.

43. The questions of fact and law common to plaintiff and the Classes predominate over questions which may affect individual members and include the following:

    i. Whether Defendants' conduct of sending text messages and/or causing such messages to be sent to Plaintiff and members of Class A calls without Plaintiff's and members of Classes' prior express consent, either orally or written, which contained telemarketing and/or informational content by applicable device violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

    ii. Whether Defendants' conduct of sending text messages and/or causing such messages to be sent to Plaintiff and members of Classes' prior express consent, either orally or written, which contained telemarketing and/or informational content by applicable device, was knowing or willful;

    iii. Whether Plaintiff and the members of the Classes are entitled to statutory damages, triple damages, costs, and reasonable attorney fees for Defendants' acts and conduct; and

    iv. Whether Plaintiff and members of the Classes are entitled to a permanent injunction enjoining Defendants from continuing to engage in unlawful conduct.

44. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who is competent and experienced in litigation and TCPA pre-litigation, and will retain additional counsel if required.

45. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek

Civil Action No.

redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

46.     <u>Injunctive Relief</u>: Defendants have acted on grounds generally applicable to Plaintiff and members of the Classes, thereby making appropriate final injunctive relief with respect to Plaintiff and the Classes as a whole.

## **AS AND FOR A FIRST CAUSE OF ACTION**

47.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

48.     By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(b) against Plaintiff and the member of Class A to wit: the text messages containing telemarketing and/or informational content; Defendants' messages and/or causing to be messaged to Plaintiff and the members of Class A were unsolicited, without prior express consent, either orally or written.

49.     Accordingly, Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b)(3)(B), the greater than their actual monetary loss from the violation or five hundred dollars for each violation ($ 500.00).

Civil Action No.

50. If it is found that Defendants willfully and/or knowingly messaged and/or caused to be messaged to Plaintiff and the members of Class A, Plaintiff requests an increase by the Court of the damage award against Defendants, described in a preceding paragraph, to three times the amount available under 47 U.S.C. §227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful and knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

51. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

52. By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(c) against Plaintiff and the member of Class B to wit: the call containing telemarketing and/or informational content as Defendants' messages and/or causing to be messaged to Plaintiff and the members of Class B were unsolicited, without prior express consent, either orally or written—while Plaintiff and the members of Class B were registered in the national "Do Not Call."

53. Accordingly, Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(c)(5)(B), the greater of their actual monetary loss from the violation or five hundred dollars for each violation ($ 500.00).

54. If it is found that Defendants willfully and/or knowingly messaged and/or caused to be messaged to Plaintiff and the members of Class B, Plaintiff requests an increase by the Court of the damage award against Defendants, described in a preceding paragraph, to three times the amount available under 47 U.S.C. §227(c)(5)(B), as authorized by 47 U.S.C. § 227(c)(5)(C) for willful and knowing violations.

## AS AND FOR A THIRD CAUSE OF ACTION

55. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

Civil Action No.

56. As described above, upon information and belief, Defendants committed numerous violations of 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

57. Accordingly, under 47 U.S.C. § 227(b)(3)(A) and §227(c)(5)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendants, prohibiting Defendants from committing further violation of the above-mentioned statutes and regulations.[6]

## AS AND FOR A FOURTH CAUSE OF ACTION

58. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

59. As described above, upon information and belief, Defendants committed thousands of violations of GBL § 396-AA*2.

60. Accordingly, pursuant to GBL 396-AA*2(3), Plaintiff and members of Classes A and B are entitled to statutory damages in an amount greater than one hundred dollars ( $ 100.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and members of the Classes, prays for:

61. An order certifying the Classes and appointing Plaintiff as the representatives of the Classes and appointing the lawyer representing the Plaintiff as counsel for the Classes;

62. An award to Plaintiff and the members of the Classes of statutory damages, in excess of $500.00 per violation for each Class A and Class B, pursuant to 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c), for Defendants' violations of those statutes, for a collective amount of $1,500,000.00;

---

[6] *See*, 47 U.S.C. § 227(b)(3)(C) (allowing monetary and enjoining relief).

Civil Action No.

63. If it is found that Defendants willfully and/or knowingly called and/or caused to be called to Plaintiff and the Classes, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiff and the members of Class A and/or Class B, to three times that amount described in a previous paragraph, as authorized by 47 U.S.C. § 227(b)(3) and §227(c)(5), for willful and/or knowing violations. Plaintiff will therefore seek an increase from an award in excess of five hundred dollars ($500.00) for each violation for both Class A and Class B to an award in excess of one thousand five hundred dollars ($1,500.00) for each violation for each of Class A and Class B against Defendants, for a collective amount of $1,500,000.00;

64. An injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA and the regulations promulgated thereunder;

65. An award to Plaintiff and the members of Class B of statutory damages, in excess of $ 100.00 each for Defendants' violation of GBL § 396-AA*2; and

66. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

67. Plaintiff demands a trial by jury.

Dated:    Queens, New York
          February 10, 2022

                                            Respectfully submitted,

                                            _____
                                        BY: **YANDY REYES, ESQ.**
                                            **RE: YES LAW PLLC**
                                            *Attorney for Plaintiff*
                                            118-35 Queens Blvd., Ste. 400

Civil Action No.

Forest Hills, NY 11214
(646) 577-9022 | (646) 633-5467
reyeslaw@estateplanningreyes.com

MAIL TO:
SALSA CON FUEGO MANAGEMENT LLC
Attn: The LLC
2297 Cedar Ave.,
Bronx, NY 10468

SALSA CON FUEGO, Inc.
Attn: Jose Nieves
2297 Cedar Ave.,
Bronx, NY 10468

Case 1:22-cv-01160-JPO   Document 1   Filed 02/10/22   Page 14 of 15

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK    )
COUNTY OF QUEENS    )    ss:

**DIANA CARDENAS**, being duly sworn, deposes and states that she is the individual Plaintiff in the written action; that she has read the foregoing Summons and Verified Complaint and knows the contents thereof; that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief; and that as to those matters she believes them to be true.

_____ [Signature]
____DIANA CARDENAS____ [Print Name]

Sworn to before me on __Feb. 9__, 2022

_____
Notary Public
My Commission Expires: __10/4/25__
(Affix Notary Stamp or Seal)

*[Notary Seal: YANDY REYES, NOTARY PUBLIC, # 02RE6423118, MY COMMISSION EXPIRES 10/04/2025, STATE OF NEW YORK]*

Civil Action No.

## CERTIFICATION/VERIFICATION

I, **YANDY REYES**, ESQ., an attorney admitted to practice in the courts of New York State, state that I am the attorney for Plaintiff in the action within; certify that I have read the foregoing and know the contents thereof, and, to the best of my knowledge and information and belief, the presentation of the papers is not frivolous and, where the paper is an initiating pleading, that the matter was not obtained through illegal conduct or, if it was, that the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing fees and that the matter was not obtained in violation of DR 7-111. (22 N.Y.C.R.R. 130-1.1-a[b]).

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Queens, New York
February 10, 2022

_____
**YANDY REYES**